## KELTNER v. STORY COUNTY.

Swamp lands: RIGHTS OF PURCHASER. A citizen who has made a purchase of swamp lands of a county, granted to the State by act of congress, approved September 28, 1850, and by the State granted to the counties, cannot maintain an action against the county upon the ground that it has failed to apply the proceeds arising from its swamp lands to the draining and reclaiming of the same, and that it has appropriated them to other purposes. The enforcement of the trust charged by the United States as donor upon these lands belongs to it, and if it is satisfied with the disposition which the State has made or authorized, the individual citizen cannot complain.

*Appeal from Story District Court.*

MONDAY, OCTOBER 11.

PLAINTIFF alleges in his petition the grant of swamp lands within the State, to the State of Iowa, by act of Congress approved Sept. 28, 1850, and the grant by the State to the counties respectively of the swamp lands situated therein, by act of the legislature, approved January 13, 1853, and the acceptance by the State and counties of the respective grants; that said grants were made for the purpose of draining and reclaiming the said swamp lands. The plaintiff further alleges that he purchased of said county of Story, on the 6th day of September, 1864, the west half of the southeast quarter of section ten, township eighty-three, north of range twenty-four, west of the fifth principal meridian, the same being a part of said swamp lands, for the sum of one hundred dollars; that the county received said sum and appropriated it to other uses than draining and reclaiming said land, and has wholly failed to construct the necessary drains for the purpose of reclaiming the land purchased by plaintiff; that the said county of Story has appropriated all its swamp land funds and all of said swamp lands, so

granted by the United States government to other pur-
poses than that of draining the same; that there is not
sufficient funds or lands left to construct the neces-
sary drains, to reclaim the land purchased by plaintiff;
that the said fund and lands were all appropriated,
by a vote of the people of the county, to build rail-
roads within the county, and have been conveyed for
that purpose without reserving sufficient to reclaim said
lands, or without making any provision therefor. He
therefore asks judgment for five hundred dollars.

To this petition there was a demurrer filed that the
petition did not state facts sufficient to constitute a cause
of action, and specifying eight different grounds therefor.
This demurrer was sustained, and the plaintiff appeals.

*J. S. Frazier* for the appellant.

*J. H. Bradley* for the appellee.

Cole, J. — The substantial question ·presented in this
case was decided against the plaintiff in the case of
*Barrett* v. *Brooks* (21 Iowa, 144), where it was held
that a single citizen could not maintain his action ·to
enforce the trust, charged by the United States as
donor, upon the swamp lands granted to the State
and by them to the counties, to apply the proceeds as
far as necessary to the draining and reclaiming of the
said lands; that if the United States was satisfied with
the disposition which the State had made or authorized,
individual citizens must remain content. See also
*Whiteside Co.* v. *Burchell*, 31 Ill. 68.

It is not alleged in this petition that the land pur-
chased by plaintiff is susceptible of being drained; nor
indeed is it distinctly averred that it needs any drain-
ing. And further than this, the plaintiff accepted the
conveyance of the land by the county to him, without

requiring any covenant or agreement on the part of the county to drain or reclaim the same. He was content to leave the obligation to drain and reclaim the land where the donor had left it. To that obligation, as a beneficiary therein at least, this plaintiff was neither party or privy; and he has therefore no cause of action growing out of it.

Affirmed.