HATCH, HOLBROOK & CO. v. POTTAWATTAMIE CO. ET AL.

1. **Swamp Lands:** GRANTEE NOT BENEFITED BY SUBSEQUENT ACT: TAXATION. Where a county granted its swamp lands to a railroad company to aid in its construction, the company releasing the State and county from all liability for reclaiming the same, the grantee of the railroad company cannot ask an injunction to restrain the county from collecting a tax for ditching and draining the lands, notwithstanding the subsequent passage of an act providing that the county cannot release itself from the duty to make such improvements.

2. ————: TAXATION: INJUNCTION. An action to enjoin the collection of the tax, upon the ground that the ditching has not benefited the land upon which the tax is levied, is not the proper remedy.

3. **Constitutional Law:** DITCHING: TAXATION. The act authorizing counties to construct ditches where they may be needed, and assess the cost upon adjacent lands benefited thereby, is not unconstitutional.

*Appeal from Pottawattamie District Court.*

MONDAY, JUNE 12.

IT is alleged in the petition that plaintiffs are the owners of certain land in Pottawattamie county; that said land was conveyed by the United States to the State of Iowa under the Act of Congress of 1850, entitled "An act to enable the State of Arkansas, and other States, to reclaim the Swamp Lands within their limits;" that said land was conveyed by the State

of Iowa to said county by virtue of an act of the State Legislature passed in 1853, entitled "An act to dispose of the swamp and overflowed lands within the State," and acts amendatory thereto; that the said county conveyed said land to the Kansas City, St. Joseph & Council Bluffs Railroad Company in April, 1860, and that in 1872 said Railroad Company sold and conveyed the same to the plaintiffs; that in August, 1873, the said county, in strict compliance with an act of the legislature passed in 1872, constructed a ditch and level upon said lands, and levied a tax thereon to reimburse the county for moneys expended in ditching, draining and reclaiming the same; that said land, with the exception of 80 acres, was not on the line of said ditch and was not benefited thereby; that said county sold said land to said Railroad Company in consideration of the construction of the railroad through said county, and that by the diversion of the proceeds of sale from the purpose intended by Congress, the county is liable to ditch, drain and reclaim said lands. The prayer of the petition is that the treasurer be restrained from selling said land for said tax, and that the same be declared void. To this petition there was a demurrer which was sustained and the cause dismissed, and plaintiffs appeal.

*E. R. Paige,* for appellants.

*B. W. Hight,* for appellees.

ROTHROCK, J.—I. The land in question was conveyed to the Railroad Company in 1860, and by section 988 of the Revision the grantee expressly released the State, and the county in which the land is situated from all liability for reclaiming the same. The plaintiffs hold their title from the Railroad Company, and took the land subject to the same condition. The act of 1862, p. 78, in which there is a provision that no county shall be released from its obligation to make the necessary drains and levels contemplated by the act of Congress, does not aid the plaintiffs. Their grantor took title before this act was passed, and with the express stipulation that the county should be released. And this court has held

444　　　SUPREME COURT OF IOWA,　.

Ind. School District of Oakville v. Ind. School District of Asbury.

in *Barrett v. Brooks*, 21 Iowa, 144, and in *Keltner v. Story County*, 28 Iowa, 35, that the grantee from the county cannot enforce the obligation to ditch or reclaim swamp lands.

II.　Plaintiffs allege that part of the land which was taxed by the county was not benefitted by the ditch. No question is made on this in the argument. The petition admits that the county in all its proceedings acted in strict conformity to law. We are inclined to think that, where the board of supervisors make an equitable apportionment of the cost of a ditch and levy the tax, that an original petition for injunction to restrain its collection is not the proper remedy, when the only ground of complaint is that the land is not benefited. See *Macklot v. City of Davenport*, 17 Iowa, 379; *Buell v. Ball*, 20 Ib., 282. However that may be, as the plaintiffs have expressly averred that the county was "regular in all its proceedings," and as counsel make no point on this question in argument, we will assume that the allegation of regularity covers every act necessary to create a liability, including the determination of the proper lands to be assessed.

III.　It is claimed in argument that the act authorizing the counties to construct ditches and assess the cost upon adjacent lands benefited thereby is unconstitutional. Code, Sec. 1207, *et seq*. That statutes similar to the one in question have been uniformly held valid, see Cooley's Const. Limitations, p. 510, *et seq.*, and Dillon on Municipal Corp., Sec. 481, *et seq.*

AFFIRMED.